# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 10:33 am, Apr 18, 2018

| | | |
|---|---|---|
| ELSPETH- W: WILLIAMS-FORDJOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-226 |
| | ) | |
| CONSECO FINANCE SERVICE CORP., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Having removed this case from Georgia Superior Court of Bryan County (doc. 1), defendants seek to dismiss plaintiff's Complaint challenging the foreclosure sale of her Richmond Hill property for failure to state a claim upon which relief may be granted. Doc. 4. Plaintiff, contending this court lacks subject matter jurisdiction over the suit, asks the Court to remand the matter back to state court. Doc. 10 at 1. She has not expressly opposed the motion to dismiss, nor does she provide any argument about why this court lacks subject matter jurisdiction. *Id.*; *see also* doc. 12-1 (offering her version of the underlying facts to support her contention that she lacks "a contract" with one of the moving defendants, and requesting "the right to

subrogation," trial, punitive damages, and that defendants be forced to "buy back [her] property . . . and return it to [her] free from all encumbrances.").

Despite the deficiencies in plaintiff's filings, this Court has an obligation to determine whether subject matter jurisdiction exists. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court over which this Court has original jurisdiction. 28 U.S.C. § 1441(a). Among the bases for that original jurisdiction, this Court has subject matter jurisdiction to hear cases involving completely diverse parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendants have explained their respective citizenships, and, beyond her demand to return to state court, Plaintiff does not dispute that both requirements are met. Docs. 10 & 12; *see* doc. 1 at 4-8 (complete diversity of citizenship exists between plaintiff (a Bryan County, Georgia resident) and defendants (citizens of Minnesota, Delaware, Maryland, Pennsylvania, and Virginia), and she seeks monetary damages of at least $100,000); doc. 11 (defendants' response to plaintiff's remand argument). This Court has subject matter jurisdiction arising from the

parties' diversity of citizenship, and plaintiff's request to remand (doc. 10) should be **DENIED**.

As to the motion to dismiss, the entire case arises from the foreclosure sale of plaintiff's Richmond Hill, Georgia, property. *See* doc. 1 at ¶ 3. Plaintiff owed money on a 2001 loan, secured by a deed to the property, that she failed to repay. Doc. 4-1 at 3; *see* doc. 4 at Exh. B. The loan, originally serviced by Conseco Financing Servicing Corp., was assigned to U.S. Bank in 2017. *Id.* at Exh. A. Plaintiff having defaulted on the loan, the lender accelerated the debt owed and initiated non-judicial foreclosure proceedings on the property. Williams-Fordjour filed her Complaint in Bryan County, Georgia, on September 1, 2017, apparently seeking to halt the sale of her property. It was sold, however, on September 5, 2017.

Plaintiff's Complaint alleges claims for lack of standing/wrongful foreclosure; fraud in the concealment; fraud in the inducement; unconscionable contract; breach of contract; breach of fiduciary duty; quiet title; declaratory judgment; a temporary restraining order and injunctive relief. *See generally* doc. 1-1. Williams-Fordjour has not opposed defendants' motion to dismiss her Complaint for failure to state

a claim.  As she is *pro se* and may have believed that her request to remand sufficiently addressed the issues raised in the motion to dismiss, plaintiff will be given another chance to oppose defendants' motion.  She may file a "Response" to that motion within 14 days of service of this Report and Recommendation.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections[1] to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

---

[1]   Plaintiff is advised that any "Objection" to this R&R must be filed as a separate document and not merged with any "Response" she may wish to make to defendants' dismissal motion.

4

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   18th   day of April, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA