# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 1:10 pm, Jun 26, 2018

ELSPETH- W: WILLIAMS-FORDJOUR,   )
                                    )
      Plaintiff,               )
                                      )
v.                                      )      CV417-226
                                      )
CONSECO FINANCE SERVICE CORP.,  )
*et al.*,                               )
                                      )
      Defendants.            )

## REPORT AND RECOMMENDATION

Defendants, after removing this case from the Superior Court of Bryan County, Georgia (doc. 1), seek to dismiss plaintiff's Complaint challenging the foreclosure sale of her Richmond Hill property on the ground that she has failed to state a claim upon which relief may be granted.  Doc. 4.  She has declined to oppose the motion to dismiss, despite being given additional time to do so.  S.D. Ga. L. R. 7.5 (no response means no opposition); *see* doc. 13 (granting plaintiff an additional 14 days to file her opposition, if any, to the motion to dismiss); *see also* doc. 12-1 (plaintiff's letter setting forth her version of the underlying facts to support her contention that she lacks "a contract" with one of the moving defendants in lieu of meaningfully

opposing the pending motion to dismiss, and requesting instead "the right to subrogation," trial, punitive damages, and that defendants be forced to "buy back [her] property . . . and return it to [her] free from all encumbrances."). Presumably, then, plaintiff has abandoned her claims against defendants. *See Ferdinand v. City of Midway*, 2010 WL 4705093 at *1 (S.D. Ga. Oct. 20, 2010). Plaintiff's Complaint should thus be **DISMISSED** for lack of prosecution. *See* S.D. Ga. L. R. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution). Even if she did not intend to abandon her case, however, it should still be dismissed.

As set forth in the Court's report and recommendation to deny plaintiff's motion to remand,

> the entire case arises from the foreclosure sale of plaintiff's Richmond Hill, Georgia, property. *See* doc. 1 at ¶ 3. Plaintiff owed money on a 2001 loan, secured by a deed to the property, that she failed to repay. Doc. 4-1 at 3; *see* doc. 4 at Exh. B. The loan, originally serviced by Conseco Financing Servicing Corp., was assigned to U.S. Bank in 2017. *Id.* at Exh. A. Plaintiff having defaulted on the loan, the lender accelerated the debt owed and initiated non-judicial foreclosure proceedings on the property. Williams-Fordjour filed her Complaint in Bryan County, Georgia, on September 1, 2017, apparently seeking to halt the sale of her property. It was sold, however, on September 5, 2017.

Doc. 13 at 2. Plaintiff's Complaint alleges claims for lack of

standing/wrongful foreclosure, fraud in the concealment, fraud in the inducement, unconscionable contract; breach of contract, breach of fiduciary duty, and quiet title. *See generally* doc. 1-1. She seeks a declaratory judgment, a temporary restraining order, and injunctive relief. *Id.*

Plaintiff's hybrid claim for "standing/wrongful foreclosure" fails to allege "a legal duty owed to [her] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained." *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48 (2007); *see McCarter v. Bakers Trust Co.*, 247 Ga. App. 129, 132 (2000) ("wrongful foreclosure" requires a violation of the foreclosure statute). Plaintiff focuses on defendant Mortgage Electronic Registration Systems, Inc. (MERS), contending that it lacked the authority to transfer the Security Deed to U.S. Bank and thus, ultimately, defendants are not the holders of the subject promissory note and do not have a "valid interest as a real party in interest" to the Security Deed. Doc. 1-1 at ¶¶ 38-47. But MERS did not have any interest in the property until the September 2017 foreclosure sale. Doc. 1-1, Exh. B. It was not a party to the Security Deed, loan transaction,

or any transaction.  Its non-involvement also does not invalidate U.S. Bank's own interest in the promissory note.  And to the extent plaintiff contends defendants failed to adhere to certain procedural "gotcha" requirements, as holders of the Security Deed, defendants were not required to produce the original promissory note in order to foreclose. Doc. 1-1 at ¶¶ 38-47; *see You v. JP Morgan Chase Bank*, 293 Ga. 67, 72-74 (2013).  Nor did their alleged failure to comply with the Pooling and Servicing Agreement (PSA) serve to invalidate the recorded assignment of her loan and Security Deed.  Doc. 1-1 at ¶ 39 & 44; *see Edward v. BAC Home Loans Servicing, LP*, 534 F. App'x 888, 891 (11th Cir. 2013) (because plaintiff is not a party to the PSA or challenged transfer, she lacks standing to contest its validity).

Plaintiff's claim for fraud in the concealment also fails, as she has failed to demonstrate "a duty to communicate [some] omitted or concealed material fact[.]"  *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1350 (N.D. Ga. 2015) (noting that duty is a prerequisite to even reaching the question of fraud, which requires "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting;

(4) justifiable reliance; and (5) damages as the proximate result of defendant's action."). Plaintiff contends that the "terms of the Securitization Agreements" were concealed from her, causing her damages. Doc. 1-1 at ¶ 53. But she does not allege that any defendant had any duty to make any disclosures to her after the closing of the Loan or communicate with her about the alleged securitization of the Loan, nor does she allege that any defendant made any false statements to her about the securitization of the Loan. *See generally, id.* She also does not allege that this "concealment" induced her to enter into the Loan transaction to begin with. *Id.* Nothing supports a claim for fraud in the concealment.

Plaintiff's claim for fraud in the inducement also fails. She contends that defendants' "failure to disclose the material terms of the transaction induced [her] to enter the [ ] Exchange and accept the Accommodated Services as alleged herein," and that they intended for her to "reasonably rely" on their "material misrepresentations" to get her to "submit to the foreclosure" on the Property. Doc. 1-1 at ¶ 65. Basic contract key-word soup aside, plaintiff has not shown "a misrepresentation by defendant of a material existing fact, with

knowledge that it was false or with reckless disregard as to whether it was true, with intent to deceive plaintiff, and plaintiff acted upon the misrepresentation in reasonable reliance upon its veracity in a manner which caused a proximate injury." *Management Assistance, Inc. v. Computer Dimensions, Inc.*, 546 F. Supp. 666, 671 (N.D. Ga. 1982). She has not shown that U.S. Bank induced her to take any action on her loan, subject note, Security Deed, or property. *See* doc. 1-1 at ¶¶ 63-69. After all, it was not the originator of her loan. And she does not allege Conseco Finance knew that some material fact was false (or even identify the material fact she contends was false) and failed to disclose it to her. *Id.* Regardless, any such misrepresentation would have occurred in February 2011, when the Loan and Security Deed were executed. Plaintiff hints at no reason why her claim for fraud in the inducement should not be time-barred by the applicable four year statute of limitations. O.C.G.A. § 9-3-31; *see* doc. 1-1 (plaintiff's lawsuit was filed in September 2017).

Williams-Fordjour's breach of contract claim fails too. She contends that defendants breached Paragraph 23 of the Security Deed by failing to "satisfy, release and reconvey" the Property upon payment

in full.  Doc. 1-1 at ¶¶ 79-82.  Of course, Conseco Finance was paid (at least something) when it sold the Loan to another entity.  Even so, Paragraph 23 of the Security Deed has absolutely nothing to do with this allegation, describing instead a requirement that any notice by any party to the deed be mailed by first class mail.  Doc. 1-1, Exh. A at 6. So, she does not allege the existence of a contract, much less an obligation or term which defendants have violated.  *Torres v. Elkin*, 317 Ga. App. 135, 141 (2012) ("The party asserting the existence of a contract has the burden of proving its existence and its terms.").

Her claim of an "unconscionable contract," which (generously) appears to be predicated on her unequal bargaining power with her Loan guarantor, is bogus.  *See* doc. 1-1 at ¶¶ 75-76 (alleging that Conseco Finance "failed to clarify in the terms of the [Security Deed]" that it "was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money," and concealed how it benefitted financially from the deal by "bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit."  Indeed, Conseco Finance "knew or should

have known that through a consciousness of innocence Plaintiff was [at]
a special disadvantage when attempting to grant an alternate means of
collection" on the Security Deed."). Unconscionable contracts require
much more. They must be contracts "abhorrent to good morals and
conscience . . . . that no sane person not acting under a delusion would
make and that no honest person would take advantage of." *Results
Oriented, Inc. v. Crawford*, 245 Ga. App. 432, 441 (2000) (quotes and
cites omitted). It is unclear from even a close reading of her
gobbledygook language precisely how plaintiff contends Conseco
Finance took fraudulent advantage of her (by providing her with the
Loan and Security Deed by which she held the property for some 15
years prior to the foreclosure sale), such that the Loan and Security
Deed are "unconscionable." *See generally* doc. 1-1.

Williams-Fordjour's claim for breach of fiduciary duty, predicated
on Conseco Finance's failure "to disclose to Plaintiff that [it was] not the
legitimate creditor but more accurately, [was] the account debtor" and
to satisfy, release, and convey the Security Deed to provide clear title to
her (doc. 1-1 at ¶¶ 85-88), is also dead on arrival. "Creditors deal with
debtors at arm's length and do not stand in a fiduciary capacity in

relationship to the debtor." *Phillips v. Atlantic Bank & Trust Co.*, 168 Ga. App. 590, 591 (1983); *id.* (this is so even if the debtor "places special trust and confidence in a bank or its officers"); *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. Ap. 239, 241-42 (1994) (no fiduciary relationship between lender and borrower in arm's-length mortgage transaction).  Absent a fiduciary duty, there can be no breach.  *Nash v. Studdard*, 294 Ga. App. 845, 849 (2008).  Plaintiff has not met her burden of showing that any such duty existed.  *Savu v. SunTrust Bank*, 293 Ga. App. 683, 690 (2008).

Because her substantive claims all fail, and because her property has already been foreclosed upon, plaintiff's claim for injunctive relief (a temporary restraining order to enjoin the September 5, 2017, foreclosure sale of her property) should be denied.  *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (such relief is warranted only "where the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued,

the injunction would not be adverse to the public interest."); *Smith v. MidFirst Bank*, 2017 WL 1251065 at *2 (S.D. Ga. March 13, 2017) (request for injunctive relief moot as a result of the completed foreclosure sale on the property).  And, because "the rights of the parties have already accrued," *Kiker v. Hefner*, 119 Ga. App. 629, 632 (1969), *i.e.*, the Property was already foreclosed upon and sold, plaintiff is not entitled to declaratory judgment.  *See Crittenton v. Southland Owners Ass'n, Inc.*, 312 Ga. App. 521, 523 (2011) (such declaratory judgments amount to "nothing more than an advisory opinion").  Finally, her claim for quiet title fails to meet the statutory requirements to entitle her to relief, *compare* O.C.G.A. § 23-3-62(c) (requiring, among other things, a plat of survey of the land to be filed along with the petition), *with* doc. 1-1 (no such attachment), or demonstrate "more than [her] right to acquire title" of the Property.  *Dykes Paving & Construction Co., Inc. v. Hawk's Landing Homeowner's Ass'n, Inc.*, 282 Ga. 305, 305 (2007).  In Georgia, "a deed to land for the purpose of securing a debt passes legal title to the lender," such that the lender "gain[s] complete title over the property [when] it forecloses thereon."  *Metro Atlanta Task Force for the Homeless, Inc. v. Icthus*

10

*Comm'y Trust*, 298 Ga. 221, 237 (2015).  The mere expectancy of title -- hoping, for example, that she might prevail on her wrongful foreclosure claim -- is not enough to maintain an action to quiet title.  *Id.* at n. 24.

In sum, plaintiff's Complaint should be **DISMISSED with prejudice**, the Court should **CANCEL** any Notice of Lis Pendens filed in the Georgia real property records associated with the instant lawsuit, and all parties should bear their own costs.  *See, e.g., Taylor v. Wachovia Mortgage Corp.*, 2009 WL 249353 at *10 (N.D. Ga. Jan. 30, 2009) ("the trial court clearly had the authority to cancel the lis pendens notice once the underlying action was dismissed with prejudice.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections[1] to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections

---

[1]   Plaintiff is advised that any "Objection" to this R&R must be filed as a separate document and not merged with any "Response" she may wish to make to defendants' dismissal motion.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this ___26th___ day of June, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA